IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COS O. DENHAM**                                                                                **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 3:23-cv-00149-CWR-LGI**

**US NAVY RECRUITER JOHN WATKINS AND**
**US NAVY RECRUITER MATTHEW OLSEN**                              **DEFENDANTS**

**<u>ORDER</u>**

Before the Court are *pro se* Plaintiff's Motions to Amend/Correct Complaint [15], [17], [18], [24], [25], and [27]. The Court, having considered the submissions, the record and relevant law, finds that Plaintiff's Motions to Amend/Correct Complaint at [15], [17], [18], [25] and [27] are DENIED as deficient, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules; and Plaintiff's Motion to Amend/Correct Complaint at [24] is rendered MOOT, as discussed below.

    **I.**     **Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the rule is "by no means automatic." *Alston v. Prarie Farms Dairy, Inc.*, No. 4:16-CV-245-DMB-JMV, 2018 WL 9866506, at *1 (N.D. Miss. Jan. 17, 2018) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981), cert. denied, 454 U.S. 1098 (1981); *see also Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (citation omitted). On the contrary, the district court has discretion in determining whether to allow amendments of pleadings. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

1

**II.     Analysis**

On August 4, 2023, Plaintiff filed a Motion to Amend Complaint [15], moving this Court to attach to his original Complaint his amended "Section V Claims of Relief" [15-1], "so that the Defendants Watkins and Olsen can be served and properly notified of the changes to the claim." *Id*. The Court construes Plaintiff's Motion [15] as a motion for leave to file an amended complaint seeking to amend the damages sought in his original Complaint and as a request that this Court supplement Section V of the original Complaint to include the proposed amendment as provided in [15-1]. In his Motion [15], Plaintiff notes that Defendants are to be re-served a summons and receive proper notice of the changes to his claims *Id*. He also requests that time be allotted to re-serve summonses on both Defendants. *Id*. The Court finds that Plaintiff's motion is deficient, as Plaintiff fails to attach a complete copy of the proposed amended complaint. Plaintiff attaches one page containing the amended portion only, and he requests that this Court substitute this page in the place of Section V, filed in the original Complaint. "[A] proposed amended pleading must be an exhibit to a motion for leave to file the pleading." L.U.Civ.R. 7. Thus, Plaintiff's Motion to Amend Complaint [15] is DENIED as deficient.

Also on August 4, 2023, Plaintiff filed an identical Motion to Amend Complaint [17], except he attached amended summonses to Defendants. *See* Doc. Nos. [17], [17-1], and [17-2]. The Court construes the second Motion [17] as both a motion to amend complaint and a request to reissue summons of the original Complaint, with proposed amendment [15-1], to Defendants. Based on the analysis in the preceding paragraph, the Court finds that Plaintiff's Motion [17] is DENIED as deficient, as Plaintiff fails to attach a complete copy of the proposed amended complaint to accompany the motion and request to reissue of summonses, as required by the local rules.

On August 15, 2023, Plaintiff filed a third Motion to Amend Complaint [18], specifically seeking to amend the Civil Cover Sheet and Section V of his original Complaint. *See* Doc. Nos. [18], [18-1].[1] Yet again, Plaintiff attaches as an exhibit his proposed amended relief, which is another one-page document containing the amended portion only, and he requests that the Court substitute this single page and the revised Civil Cover Sheet in the place of the portions filed in the original Complaint. On August 16, 2023, Plaintiff filed an attachment to the Complaint, which this Court construes as another motion or request to amend complaint, whereby Plaintiff seeks to amend his demand for damages. *See* Doc. No. [20].

On August 25, 2023, Defendant filed a Motion to Dismiss Complaint based on insufficient service of process, lack of subject-matter jurisdiction and failure to state a claim.[2] *See* Doc. No. [21]. On August 28, 2023, Defendants filed a Response in Opposition [23] to Plaintiff's Motion to Amend Complaint [18], arguing that Plaintiff's Motion to Amend should be denied for failure to provide justification for his failure to timely seek leave to amend the complaint. Doc. [23] at 3. Defendants contend the Plaintiff failed to amend his Complaint within 21 days, as provided in Federal Rule of Civil Procedure 15. *Id*. at 2. Defendants submit that the Plaintiff waited six months to seek leave to amend. *Id*. Defendants also argue that Plaintiff's motion should be denied on futility grounds, as there is a pending motion to dismiss. *Id*. at 3-4. Defendants argue the proposed amended complaint [18] does not cure the deficiencies raised in Defendants' Motion to Dismiss. *Id*. at 3.

On August 30, 2023, Plaintiff filed another Motion to Amend Complaint [24], which this Court construes as both a Reply to Defendants' Response in Opposition [23] and as a motion for

---

[1] Plaintiff also re-filed the proposed amended relief, set forth in Exhibit [18-1], as a separate attachment. *See* Doc. [19].
[2] This motion is currently pending before the District Judge.

3

leave to file an amended complaint.[3] In the Motion [24], Plaintiff seeks to amend his original Complaint, "by having the enclosed Complaint replace the original, to remedy deficiencies of the Compliant [sic] and statements made in regards to it and to prevent and counter any motion to dismiss actions or claim." Doc. [24] at 1. Here, Plaintiff attaches to the Motion a complete copy of his proposed amended complaint [24-1], along with the Civil Cover Sheet [24-2], exhibits [24-3], and summonses to United States Government and United States [24-4]. Plaintiff also moves this Court for additional time to serve the "correct" additional defendants, including the defendants identified in [24-1], the US Attorney General in Washington, D.C. and the U.S. Attorney for the Southern District. *Id*. at 1.

Shortly after filing his fourth motion to amend, Plaintiff filed a fifth Motion to Amend Complaint [25], on September 5, 2023, requesting this Court:

> [T]o amend [his] most recent complaint mailed in a few days ago . . . [by] attach[ing] appropriate sheets to the appropriate sections in the complaint. And . . . to remove the United States Government as a Defendant in the Case due to a sovereign immunity but still hold the employer liable for said claims and intentional discriminations against me the employees named as Defendants might I ask place the enclosed Civil Cover Sheet in the file as well [and] . . . I ask for the new claims attached here to be tacked on to the original statement of claim along with the 21 claims listed already."

Doc. [25] at 1. Three days later, on September 8, 2023, Plaintiff filed another Motion [27], moving this "Court [to] add United States Government as a defendant to the case[] and rais[ing] an argument to counter the Defendants' Motion to Dismiss."[4] Doc. [27] at 1. Plaintiff "also request (sic) the Court to sign and stamp summons for United States Government, Darren J. LaMarca, and

---

[3] The undersigned also construes the Motion [24] as a Response in Opposition to Defendants' Motion to Dismiss [21] that is currently pending before the District Judge, as Plaintiff specifically acknowledges receipt of Defendants' Motion to Dismiss and sets forth a "request . . . to proceed with trial to continue pursuit of claims and relief stated in the Complaint" and also makes further argument in response to the Motion to Dismiss. Doc. [24] at 1.

[4] The undersigned notes that Plaintiff makes supplemental arguments to Defendants' Motion to Dismiss [21], which is currently before the District Judge. Notably, Plaintiff filed a Response in Opposition [26] to the Motion to Dismiss on September 8, 2023.

4

for Jessica Bourne Williams. . . ." *Id*. at 2.

Here, the Plaintiff has filed six motions seeking to amend the original Complaint. The Court previously determined, *supra*, that Motions [15], [17], and [18] were due to be denied as deficient, because Plaintiff failed to attach a complete copy of the proposed amended complaint in accordance with the Rules. In each instance, Plaintiff attached one page containing the amended portion only, and then he requested that this Court substitute the new page for the portion filed in the original Complaint.

As to the remaining Motions to Amend [24], [25], and [27], the Court finds as follows: This Court finds that, although Plaintiff properly attached a complete copy of his proposed amended complaint to his fourth Motion to Amend [24], he then filed two subsequent Motions to Amend [25], [27] seeking additional relief – inclusive of the relief sought in Motion to Amend [24]. In Plaintiff's fifth Motion to Amend [25], he specifically requested this Court to "attach appropriate sheets to the appropriate sections in the complaint . . . and to place the enclosed Civil Cover Sheet in the file as well [and] . . . to . . . tack[] on to the original statement of claim along with the 21 claims listed already." Doc. [25]. Similarly, in his sixth Motion to Amend [27], Plaintiff moves this Court to add the United States Government as a defendant and also issue summons to additional defendants, but he failed to attach a complete amended complaint that reflects the proposed amendment.

Because the subsequent Motions ([25], [27]) relate back to the relief sought in the fourth Motion to Amend [24], the Court finds that the subsequent motions invalidate the relief sought in the fourth Motion to Amend [24]. Thus, the Court makes no ruling on the merits but instead deems this Motion to Amend [24] as MOOT. As to Plaintiff's fifth Motion to Amend [25], the Court finds that Plaintiff seeks to supplement the proposed amended complaint [24-1], attached to the fourth

5

Motion to Amend [24], without attaching a complete proposed amended complaint. Plaintiff asks this Court to "attach appropriate sheets to appropriate sections in the [proposed] complaint" at [24-1], remove a defendant, and also to "tack on" documents to his "most recent complaint." Doc. [25]. The Plaintiff fails to attach a complete copy of a proposed amended complaint, but he attaches one page of instructions for this Court to piece together a new Complaint. The Court finds that Motion [25] is deficient, as the requested relief does not comply with the Court's rules, as set forth above. Thus, Plaintiff's Motion to Amend Complaint [25] is DENIED. For this same reason, Plaintiff's sixth Motion to Amend [27] is hereby DENIED.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motions to Amend/Correct Complaint [15], [17], [18], [25] and [27] are hereby DENIED, in accordance with the foregoing analysis. Further, this Court finds that Plaintiff has filed an excessive number of motions to amend the original complaint, but each motion fails to cure the deficiencies.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend/Correct Complaint [24] is hereby rendered MOOT. Plaintiff is ordered to file within 14 days of this order, by September 29, 2023, a motion for leave to amend complaint, with a COMPLETE COPY of the proposed amended complaint attached as an exhibit to the motion, pursuant to the Rules of this Court.

**SO ORDERED**, this the 15th day of September, 2023.

      /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE